UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| NORMAN BURGHARDT, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:25-cv-00145 |
| | § | |
| BANK OF AMERICA, N.A., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before me are two motions to dismiss. The first is filed by Defendant Bank of America, N.A. ("BANA"). *See* Dkt. 21. The second is filed by Defendants Federal National Mortgage Association ("Fannie Mae") and FNMA 2006-128 Trust. *See* Dkt. 23. Both motions were delivered to Plaintiff Norman Burghardt via certified mail, return receipt requested. *See* Dkt. 22 at 1; Dkt. 23 at 8; *see also* USPS Tracking, https://tools.usps.com/go/TrackConfirmAction_input (search 9589 0710 5270 3193 1152 51 and 9414 7266 9904 2217 5995 01) (last visited Nov. 4, 2025). Burghardt has not responded to either motion. For the reasons discussed below, I recommend that both motions be granted.

## BACKGROUND[1]

This dispute arises out of allegedly unlawful attempts to enforce and transfer Burghardt's mortgage loan. On November 9, 2006, Burghardt executed a promissory note in the amount of $61,600 in favor of BANA (the "Note"). That same day, Burghardt executed a deed of trust encumbering the property located at 728 Grafton, La Marque, Texas 77568. Burghardt claims the Note was never properly endorsed to any successor and remains payable to only BANA. Burghardt also claims that the loan was a contract of adhesion.

---

[1] This section recounts the allegations contained in the First Amended Complaint for Declaratory Judgment, Damages, and Injunctive Relief. Dkt. 9.

According to Burghardt, "Defendants claim the loan was securitized into the FNMA 2006-128 Trust, with a closing date of December 29, 2006." Dkt. 9 at 4. Burghardt maintains that Fannie Mae's selling guide and custodial guidelines require delivery of the Note, properly endorsed, into the Trust prior to the closing date, and that post-closing transfers into the Trust are prohibited. Burghardt complains that the Note was not conveyed into the Trust prior to the closing date, rendering the securitization of the loan defective and void. Burghardt also claims that Defendants violated federal law by failing to notify him of the transfer and securitization of the loan.

On April 7, 2023, an Assignment of Deed of Trust was recorded in Galveston County, purporting to transfer Burghardt's deed of trust from Ajax Mortgage Loan Trust 2019-H to Ajax Mortgage Loan Trust 2023-A. Burghardt contends that this assignment is void because: (1) BANA had already transferred any beneficial interest years earlier; (2) the Trust's governing documents prohibited any transfers after 2006; and (3) the Note is unendorsed and unenforceable under UCC § 3-203.

On May 13, 2025, Burghardt instituted this lawsuit. On September 4, 2025, Burghardt filed his first amended complaint, asserting causes of action under federal law, Texas statutory law, and Texas common law related to the transfer and securitization of the Note. *See* Dkt 9. He also seeks declaratory and injunctive relief, and to quiet title to the property. Defendants have moved to dismiss all of Burghardt's claims.

## LEGAL STANDARD

A complaint must be dismissed when the plaintiff's allegations fail to set forth facts that, if true, would entitle the plaintiff to relief. *See* Fed. R. Civ. P. 12(b)(6). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In this district, "[f]ailure to respond to a motion will be taken as a representation of no opposition." S.D. Tex. LR 7.4. Even so, "[t]he mere failure to respond to a motion is not sufficient to justify a dismissal with prejudice." *Watson v. United States ex rel. Lerma*, 285 F. App'x 140, 143 (5th Cir. 2008). Thus, I must address the substance of the motion and determine whether the complaint states a cognizable claim for relief. *See Ramsay v. Bailey*, 531 F.2d 706, 709 n.2 (5th Cir. 1976) ("[A] proper sanction for a failure to respond to a motion to dismiss [is] for the trial court to decide the motion on the papers before it.").

## ANALYSIS

### A. BURGHARDT'S TRUTH IN LENDING ACT (TILA) CLAIM FAILS

Burghardt alleges that Defendants violated TILA when they "failed to notify [him] of the transfer and securitization of his loan, in violation of 15 U.S.C. § 1641(g)." Dkt. 9 at 6. Burghardt also alleges that "[he] never received written notice identifying the new creditor as required by federal law." *Id*.

TILA requires, in relevant part, that "not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer." 15 U.S.C. § 1641(g)(1). Defendants argue that Burghardt's TILA claim should be dismissed because (1) Burghardt fails to allege that any defendant is the new owner or assignee of the debt; (2) TILA does not apply retroactively and was not passed until 2009, after the Note was securitized into the Trust; and (3) Burghardt's TILA claim is time-barred by the one-year statute of limitations. Each of these arguments is an independent and sufficient reason to dismiss Burghardt's TILA claim.

3

"By its terms, § 1641(g) applies only to 'the creditor that is the new owner or assignee of the debt.'" *Fowler v. U.S. Bank, Nat. Ass'n*, 2 F. Supp. 3d 965, 982 n.55 (S.D. Tex. 2014) (quoting 15 U.S.C. § 1641(g)(1)). Because Burghardt fails to allege that any defendant is the new owner or assignee of the debt, his claim necessarily fails. *See id.*

Section 1641(g) was enacted in 2009. *See* Helping Families Save Their Homes Act of 2009, Pub. L. No. 111-22, § 404, 123 Stat. 1632, 1658 (2009). Burghardt alleges that his loan was securitized on December 29, 2006. *See* Dkt. 9 at 4. TILA does not apply retroactively to violations that occurred before § 1641(g)'s enactment. *See Johnson v. Bank of Am., N.A.*, No. CIV.A. H-13-2029, 2014 WL 4923970, at *10 n.69 (S.D. Tex. Sept. 30, 2014) ("Section 1641(g) applies only to transfers made on or after the date of its passage."). Thus, Burghardt's TILA claim fails because it does not apply retroactively. *See Reardean v. Fed. Home Loan Mortg. Corp.*, No. A-13-CA-1059, 2014 WL 774939, at *4 (W.D. Tex. Feb. 24, 2014) ("In the alternative, § 1641(g) was enacted in May 2009, and it does not apply to violations which occurred prior to its enactment.").

Finally, Burghardt's claim is indisputably time-barred. "Claims under § 1641(g) are subject to a one year statute of limitations which runs from the end of the 30 days period after the date of an assignment." *Benitez v. Am.'s Wholesale Lender*, No. CIV.A. H-14-953, 2014 WL 3388650, at *2 (S.D. Tex. July 9, 2014) (citing 15 U.S.C. § 1640(e)). The December 2006 securitization of which Burghardt complains has been proscribed for nearly two decades. Accordingly, Burghardt's TILA claim is time-barred.

*  *  *

For any and all of these reasons, Burghardt's TILA claim should be dismissed as to all Defendants.

B. **BURGHARDT FAILS TO PLEAD HIS FRAUD CLAIMS**

Burghardt asserts claims of fraud, fraudulent concealment, and coercion against Defendants. *See* Dkt. 9 at 6. Specifically, he alleges that "Defendants

knowingly concealed material facts regarding the securitization of the loan, the lack of lawful assignment, and the use of MERS to obscure true ownership." *Id.*

In Texas, the elements of a fraud claim are: (1) a material representation; (2) the representation was false; (3) the speaker knew the representation was false when making it, or made it recklessly without knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the plaintiff should act upon it; (5) the plaintiff relied on the representation; and (6) the plaintiff was injured. *See Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 337 (Tex. 2011).

"The elements of fraudulent concealment are: (1) the existence of the underlying tort; (2) the defendant's knowledge of the tort; (3) the defendant's use of deception to conceal the tort; and (4) the plaintiff's reasonable reliance on the deception." *Glover v. Union Pac. R.R. Co.*, 187 S.W.3d 201, 217 (Tex. App.—Texarkana 2006, pet. denied).

I construe Burghardt's claim of coercion to be one of economic duress.[2] The Texas Supreme Court has articulated a three-part test for the tort of economic duress: "(1) there is a threat to do something which a party threatening has no legal right to do; (2) there is some illegal exaction or some fraud or deception; and (3) the restraint is imminent and such as to destroy free agency without present means of protection." *Lee v. Wal-Mart Stores, Inc.*, 34 F.3d 285, 288 (5th Cir. 1994) (quotation omitted)).

All three of these claims—fraud, fraudulent concealment, and economic duress—require Burghardt to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). This requires Burghardt to

---

[2] To the extent that Burghardt's "Coercion in Contract Formation" claim is a claim, not of economic duress, but of adhesion, that claim also fails. Under Texas law, "adhesion contracts are not per se unconscionable or void." *In re Lyon Fin. Servs., Inc.*, 257 S.W.3d 228, 233 (Tex. 2008). Only when the contract "is so one-sided as to be unconscionable" will courts refuse to enforce it. *Id.* Burghardt has not pleaded any facts that suggest the contract was so one-sided as to be unconscionable. Thus, to the extent that Burghardt asserts that his loan is a contract of adhesion, it is still enforceable.

5

allege "at a minimum . . . the who, what, when, where, and how of the alleged fraud." *United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 266 (5th Cir. 2010) (quotation omitted). Burghardt has not alleged any of this information. Accordingly, his claims sounding in fraud should be dismissed.

## C. BURGHARDT FAILS TO STATE A VIOLATION OF THE TEXAS PROPERTY CODE OR TEXAS LOCAL GOVERNMENT CODE

In his third count, Burghardt alleges violations of § 13.001 and § 192.007 of the Texas Property Code. Specifically, Burghardt alleges that "Defendants failed to record lawful transfers of the Deed of Trust as required by the Texas Property Code §§ 13.001 and 192.007," and that "[a]ny unrecorded or defective assignments are void as to [Burghardt]." Dkt. 9 at 6–7. Neither of these statutory provisions afford Burghardt any basis for relief.

### 1. *Texas Property Code § 13.001*

Section 13.001 provides, in relevant part:

> A conveyance of real property or an interest in real property or a mortgage or deed of trust is void *as to a creditor or to a subsequent purchaser* for a valuable consideration without notice unless the instrument has been acknowledged, sworn to, or proved and filed for record as required by law.

Tex. Prop. Code § 13.001(a) (emphasis added). "Texas courts have consistently held that recordation is not necessary for liens, deeds, or deeds of trust to be enforceable against the parties to those instruments." *Calvino v. Conseco Fin. Servicing Corp.*, No. A-12-CA-577, 2013 WL 4677742, at *3 (W.D. Tex. Aug. 30, 2013) (collecting cases rejecting the argument that an unrecorded document is void under § 13.001). Moreover, § 13.001 "protects only subsequent purchasers for value and without notice." *Reinagel v. Deutsche Bank Nat. Tr. Co.*, 735 F.3d 220, 227 (5th Cir. 2013). Burghardt does not allege that he is a subsequent purchaser for value and without notice. Accordingly, Burghardt's claim under § 13.001 fails.

### 2. *Texas Local Government Code § 192.007*

Burghardt mistakenly asserts a claim under Texas Property Code § 192.007—a nonexistent statutory provision. I assume that Burghardt meant to assert a claim under Texas Local Government Code § 192.007, which provides:

> To release, transfer, assign, or take another action relating to an instrument that is filed, registered, or recorded in the office of the county clerk, a person must file, register, or record another instrument relating to the action in the same manner as the original instrument was required to be filed, registered, or recorded.

Tex. Loc. Gov't Code § 192.007(a).

The Fifth Circuit has held that "the Texas Legislature did not create a private right of action to enforce section 192.007" and "even if there were a right of action, section 192.007 does not impose a duty to create and record assignments of deeds of trust when an interest in the related promissory note is transferred." *Harris County v. MERSCORP Inc.*, 791 F.3d 545, 551–52 (5th Cir. 2015). Accordingly, Burghardt has no claim under § 192.007.

### D. BURGHARDT FAILS TO STATE A VIOLATION UNDER THE UCC OR TEXAS BUSINESS AND COMMERCE CODE

In count four of his complaint, Burghardt asserts a violation of UCC Article 3, which is codified as Texas Business and Commerce Code §§ 3.203, 3.301, and 3.305. *See* Dkt. 9 at 7. Burghardt complains that "[t]he Note was never properly indorsed or negotiated to Defendants"; "Defendants are not 'persons entitled to enforce' under § 3.301"; and "[u]nder § 3.305, [Burghardt] has valid defenses against enforcement of the Note." *Id.* Each of these arguments fails.

As to §§ 3.203 and 3.301, other courts have held that "[r]ather than constituting an independent cause of action," a plaintiff's references to these UCC provisions "are merely offered in connection with Plaintiff's claim to quiet title and his argument that Defendant must be the owner or holder of the note prior to administering a deed of trust foreclosure." *Martinez v. Bank of Am., N.A.*, No. SA-12-CV-462, 2013 WL 489992, at *12 (W.D. Tex. Feb. 7, 2013). But even if these UCC provisions constituted independent causes of action, they would fail.

As for § 3.203, it provides in relevant part: A "transferee cannot acquire rights of a holder in due course by a transfer, directly or indirectly, from a holder in due course if the transferee engaged in fraud or illegality affecting the instrument." Tex. Bus. & Com. Code § 3.203(b). As discussed above, Burghardt fails to plead fraud. Accordingly, Burghardt cannot state a claim under § 3.203.

As for § 3.301, it defines a "[p]erson entitled to enforce" an instrument. *Id.* § 3.301. Burghardt does not plausibly allege that any of the Defendants have attempted to enforce the Note or seek to enforce the Note. Burghardt's only allegations concerning enforcement of the Note are vague and conclusory. For example, Burghardt alleges that "[t]his action arises from Defendants' unlawful attempts to enforce and transfer a mortgage loan." Dkt. 9 at 1. Yet, Burghardt never identifies any attempt by any Defendant to enforce the loan. Similarly, Burghardt says that he wants "to prevent further unlawful foreclosure or collection activities," *id.* at 2, but he never identifies any foreclosure or collection activities that have already taken place. Thus, even if § 3.301 provided an independent cause of action, Burghardt would lack standing to bring such a claim because he has not identified an actual controversy between himself and the Defendants.

Finally, Burghardt's assertion of defenses under § 3.305 are irrelevant to determining whether he has stated a claim against Defendants.

E. **BURGHARDT IS NOT ENTITLED TO A DECLARATORY JUDGMENT, QUIET TITLE, OR INJUNCTIVE RELIEF**

In his fifth count, Burghardt seeks a declaratory judgment and to quiet title to the property. *See* Dkt. 9 at 7. Specifically, Burghardt seeks a declaration that: (1) "Defendants lack authority to enforce the Note or Deed of Trust"; (2) "[t]he 2023 assignment is void"; (3) "[t]itle to the property remains with Plaintiff, free and clear of unlawful claims." *Id.* In his sixth count, Burghardt seeks "to enjoin Defendants from initiating or continuing foreclosure, eviction, or collection activities based on the void and unenforceable assignments." *Id.*

The Fifth Circuit has held that where a plaintiff "simply asked for a determination and declaration of whether [a defendant] . . . [is] entitled to enforce and bring a foreclosure action[,]" the plaintiff "did not allege an actual, current case or controversy." *Val-Com Acquisitions Tr. v. Chase Home Fin., L.L.C.*, 420 F. App'x 405, 406 (5th Cir. 2011) (quotation omitted). The same result must follow here. Burghardt has not alleged that any Defendant has or is attempting to undertake enforcement activities that would cloud the title to the subject property. Thus, his requests for declaratory and injunctive relief and to quiet title fail to present an actual dispute for this court's consideration. Accordingly, these claims must be dismissed.

Burghardt's request for a declaration that the 2023 assignment is void also fails because Burghardt has not stated a claim upon which such a declaration could be made. *See Hymes v. Amcap Mortg., Ltd.*, No. 4:19-cv-00515, 2020 WL 7658127, at *9 (S.D. Tex. Nov. 17, 2020) ("Because this Court has already recommended dismissal of the underlying claims for relief that relate to the request for declaratory and injunctive relief, the declaratory relief and injunctive relief claims cannot survive.").

## CONCLUSION

For the reasons discussed above, I recommend that both motions to dismiss (Dkts. 21, 23) be granted.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 5th day of November 2025.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE